UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LA WUANDIA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-00469-TWP-MJD |
| ) | |
| REPUBLIC AIRWAYS HOLDINGS INC, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON PLAINTIFF'S MOTION TO WITHDRAW DEEMED ADMITTED RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSION**

This matter comes before the Court on Plaintiff's Motion to Withdraw Deemed Admitted Responses to Defendants' Requests for Admissions. [Dkt. 116.] For the reasons set forth below, the Court **GRANTS** Plaintiff's motion.

I.  **Background**

Plaintiff La Wuandia Williams filed her *pro se* Complaint in this case on March 1, 2021. [Dkt. 1.] In October 2021, she filed a Motion for Assistance with Recruiting Counsel, [Dkt. 23]; that motion was denied on November 18, 2021, after a hearing, [Dkt. 31]. On February 18, 2022, Defendants served on *pro se* Plaintiff a first set of discovery, which included a first set of requests for admission. [Dkt. 119 at 1.] The responses were due on March 23, 2022, but Plaintiff did not respond by that date. [Dkt. 119 at 5.] On April 11, 2022, in response to Plaintiff's request, Defendants re-sent the requests for admission and requested a response by April 15, 2022. [Dkt. 119 at 5.] Plaintiff did not respond. [Dkt. 116 at 4.] Meanwhile, Plaintiff's efforts to retain counsel eventually paid off, and on May 16, 2022, her attorney, Tae Sture, filed his appearance

in this case. [Dkt. 86.] Plaintiff then moved for leave to file a second amended complaint, which the Court granted. [Dkt. 93, Dkt. 99.] Plaintiff filed her second amended complaint on June 29, 2022 [Dkt. 100] and now argues that the case should be effectively reset, asking Defendants to re-submit Requests for Admission as relevant to the claims in the second amended complaint. [Dkt. 116 at 4-5.] Defendants maintain that the facts established by the deemed-admitted requests for admission "do not stand contrary to the pursuit of the resolution of the case on the merits" and therefore should not be withdrawn. [Dkt. 119 at 6.]

II.    **Discussion**

Following service of a request for admission, a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection." Fed. R. Civ. P. 36(a)(3).  Plaintiff has not yet tendered any response or objection to Defendants' requests for admission.  [Dkt. 119 at 6.]  Thus, as Defendants note, the requests for admission were deemed admitted by operation of law.  [Dkt. 119 at 6.]

However, "the law prefers that cases be resolved on their merits." *Snyder v. Barry Realty, Inc.*, 60 Fed. Appx. 613, 614 (7th Cir. 2003). Thus, a court may permit withdrawal of an admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).  The party who obtained the admissions bears the burden of showing that withdrawal would result in prejudice; the party seeking the withdrawal bears the burden of demonstrating that withdrawal would promote decision of the matter on its merits. *Branson v. Celadon Trucking Servs., Inc.*, 2014 WL 5640774, at *1 (S.D. Ind. Nov. 3, 2014).

Defendants in this case have not met their burden of demonstrating that they would be prejudiced if the admissions were withdrawn. "Having to prove one's case on the merits is not the type of prejudice that satisfies Rule 36(b)." *Van Hoose v. Nucor Corp.*, 2007 WL 2898697, at *1 (S.D. Ind. Apr. 13, 2007). Rather, "[t]he type of prejudice required to satisfy Rule 36(b) is an admission which induces the serving party to forbear from conducting other discovery in reliance upon the admission." *Baynham v. Meridian Servs. Corp.*, 2012 WL 2792318, at *2 (S.D. Ind. July 9, 2012).

The current situation presents no such difficulties. Neither party has yet moved for summary judgment, liability discovery does not close until February 3, 2023, and dispositive motions are not due until March 3, 2023. [Dkt. 114 at 6.] Further, the Seventh Circuit has "never held that prejudice results from a party's efforts to prepare a summary judgment motion after securing deemed admissions." *Windle v. Indiana*, 2019 WL 6724605, at *5 (S.D. Ind. 2019). Further, the sole case Defendants rely on, *Moses v. U.S. Steel Corp.*, 946 F. Supp. 2d 834 (N.D. Ind. 2013), is not analogous. The *Moses* court granted a summary judgment motion that relied on admissions that were not responded to and that were deemed admitted. However, there was no record of the plaintiff ever moving to withdraw the admissions, so the court did not address whether the admissions could be withdrawn. The court merely reasoned that the *pro se* plaintiff was aware of the consequences of not responding to the requests, so the court could properly take the admitted facts as true for purposes of summary judgment. *Id.* at 841.

Plaintiff, meanwhile, "bears the burden of showing that withdrawal would promote decision of the matter on its merits." *Branson*, 2014 WL 5640774, at *2. This burden can be met when the deemed admissions effectively resolve the case, eliminating the ability for Plaintiff to

present her case on the merits. *Wilson v. Comlux Am.*, 2013 WL 593974, at *2 (S.D. Ind. Feb. 14, 2013).

Here, the admissions eliminate Ms. Williams' ability to try her case on the merits. For example, one of those admissions reads: "The sole adverse employment action that Plaintiff asserts in EEOC Charge No. 470-2020-02006 (Exhibit 31) and the Complaint is her October 31, 2019, termination." [Dkt. 94-1 at 12.] Another reads: "On Thursday, October 31, 2019, Republic (Gibson) verbally advised Plaintiff. . . that it terminated Plaintiff's employment because of her two (2) No Call / No Show events within a twelve (12) month period and her accumulation of eight (8) occurrences within a rolling twelve (12) month period, each of which alone stands as grounds for termination." [Dkt. 94-1 at 10.] Together, these admissions resolve the case. Even Defendants confirm this: they allege they have substantially relied upon Ms. Williams' deemed admissions to support their draft motion for summary judgment, which, as noted, has never been filed. [Dkt. 119 at 14; Dkt. 94 at 10.] Thus, the withdrawal of Plaintiff's deemed admitted responses to Defendants' requests for admission would promote the presentation of Plaintiff's case on the merits.

### III.    Conclusion

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion to Withdraw Deemed Admitted Responses to Defendants' Requests for Admissions [Dkt. 116].

SO ORDERED.

Dated:  15 AUG 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all ECF-registered counsel of record via email generated by the Court's ECF system.