**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| LA WUANDIA WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:21-cv-00469-TWP-MJD |
| | ) | |
| REPUBLIC AIRWAYS HOLDINGS INC, | ) | |
| DONALD GIBSON, and SARA GLORE, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTIONS TO APPEAL/RECONSIDER (Dkts. 167, 169)**
**AND AFFIRMING MAGISTRATE JUDGE'S ORDER**

This matter is before the Court on the Plaintiff's Appeal to the District Court of Magistrate

Judge's Denial of Plaintiff's Unopposed Motion to Stay Proceedings or, in the Alternative, Motion

for Extension of Discovery Deadline and Dispositive Motions Deadline (Filing No. 167), and

Plaintiff La Wuandia Williams' ("Ms. Williams") *pro se* Emergency Motion For Reconsideration

to Plaintiff's Motion to Extend/Impose Automatic Stay Permission for Extension of Time for

Deposition and Discovery to Seek Representation (Filing No. 169).  On February 20, 2023,

Plaintiff's Unopposed Motion to Stay Proceedings or in the Alternative, Motion for Extension of

Discovery Deadline and Dispositive Motions Deadline (Filing No. 165), was filed. The Magistrate

Judge denied the request, (Filing No. 166), and Ms. Williams, by counsel (and also on her own),

appeals that Order.  For the reasons set forth below, the appeals are **denied** and the Court **affirms**

the Magistrate Judge's Order.

## I.    PROCEDURAL BACKGROUND

Ms. Williams commenced this discrimination suit *pro se*, on September 30, 2021, and  the

Court issued a pre-trial case schedule (Filing No. 21), which was later amended on April 15, 2022,

to extend the time for discovery and the filing of dispositive motions (Filing No. 77).

Approximately one month later, on May 16, 2022, attorney Tae K. Sture ("Counsel") field a Notice

of Appearance, (Filing No. 86), and the Magistrate Judge suspended and reset the case deadlines to allow Counsel time to conduct discovery (Filing No. 92; Filing No. 114). Most recently, on December 27, 2022, the Magistrate Judge amended the case management deadlines, enlarging the deadline for the completion of non-expert witness discovery and discovery relating to liability issues to February 25, 2023, and for the filing of dispositive motions to March 15, 2023 (Filing No. 150). The Magistrate Judge advised the parties that **"[n]o further enlargement of the case deadlines will be granted**." *Id*. at 2 (emphasis in original).

In a Minute Entry dated January 13, 2023, the Magistrate Judge again advised the parties that "[n]o further enlargement of the case deadlines will be granted." (Filing No. 153 (emphasis omitted).) On January 31, 2023, Counsel filed a Motion for Leave to Withdraw Appearance explaining that "he [could] no longer effectively represent the client." (Filing No. 154.) On February 3, 2023, before the Magistrate Judge could rule on Counsel's request to withdraw, Ms. Williams, on her own behalf, filed an emergency motion to extend the discovery and dispositive motions deadlines ("Plaintiff's Stay or Extend Discovery Motion")[1] (Filing No. 157). The Magistrate Judge promptly denied Plaintiff's Stay or Extend Discovery Motion (Filing No. 160) and explained that "[r]egardless of the outcome of that motion [to withdraw], the Court's prior admonition stands--**No further enlargement of the case deadlines will be granted**." *Id*. at 2 (emphasis in original).

On February 8, 2023, the Magistrate Judge held an *ex parte* telephonic hearing on the motion to withdraw (Filing No. 162), where both Ms. Williams and Counsel were present (Filing

---

[1] The "Defendants deposed Plaintiff on January 25, 2023; however her deposition was suspended because she developed a condition which counsel for both Parties deemed as incapacitating. The completion of Plaintiff's deposition was ultimately scheduled for February 21, 2023." (Filing No. 165 at 2.) Plaintiff's deposition was never completed and Counsel later "cancelled all depositions of defense witnesses in keeping with the prior arrangement of deposing defense witnesses after completion of Plaintiff's deposition…." *Id*.

No. 163). The Magistrate Judge denied Counsel's request to withdraw and Counsel was ordered to continue representing Ms. Williams "through final judgment unless another attorney appeared in the case." *Id*. In denying Counsel's request to withdraw, the Magistrate Judge considered the interest of not only Counsel but also the interests of Ms. Williams and the court (Filing No. 163 at 2). The Magistrate Judge explained that "the withdrawal of Mr. Sture at this stage of the case— two weeks before the close of discovery and shortly before dispositive motions briefing is scheduled to begin—could not be accomplished without a materially adverse impact on Ms. Williams' interests in this case" and allowing Counsel to withdraw would "materially adversely affect the efficient resolution of the matter by the Court." *Id*. To address Counsel's concerns, the Magistrate Judge, excused Counsel from signing any Rule 11 pleadings and required that "should Ms. Williams demand the submission to the Court of a document or brief, the submission of which Mr. Sture believes would violate his ethical obligations to the Court, the document may be signed and submitted by Ms. Williams directly, with Mr. Sture acting as stand-by counsel." *Id*.

On February 20, 2023, approximately two weeks later and five days before discovery closed, Counsel filed "Plaintiff's Unopposed Motion to Stay Proceedings or in the Alternative, Motion for Extension of Discovery Deadline and Dispositive Motions Deadline", (Filing No. 165), wherein Counsel asks the Court to stay the proceedings or extend the discovery and dispositive motions deadlines for forty-five (45) days from the date of the Court's ruling on the appeal of the motion to withdraw. On February 23, 2023, the Magistrate Judge denied this Motion (Filing No. 166). The Magistrate Judge determined that "[p]laintiff [had] not demonstrated good cause to stay this case pending counsel's appeal of the denial of his motion to withdraw." *Id*. at 2. The Magistrate Judge pointed out that "[t]he instant situation is the result of Plaintiff's counsel's cancellation of previously scheduled depositions, which had been scheduled to be completed within the approved

discovery period. No effort was made to correct that flawed decision until the instant motion was filed five days before the close of discovery." *Id*. at 5.

The next day, on February 24, 2023, Counsel filed the instant appeal of the discovery Order (Filing No. 167). A few days later, on February 28, 2023, Ms. Williams, on her own behalf, filed an emergency motion for reconsideration of the Magistrate Judge's denial of her Stay or Extend Discovery Motion (Filing No. 169).

## II.    LEGAL STANDARD[2]

A district court may modify or set aside a magistrate judge's ruling regarding non-dispositive pre-trial motions only if the ruling is "clearly erroneous or contrary to law." *See* Federal Rule of Civil Procedure 72(a) ("The district judge to whom the case is assigned shall consider such objections [to the magistrate judge's order] and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."). Under Rule 72(a), a party has fourteen days to object to a magistrate judge's order. The burden falls on the moving party to show that the magistrate judge's order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997). "An order is contrary to law when it fails to apply or misapplies relevant

---

[2] Counsel requests a *de novo* review, but the Court may modify or set aside the magistrate judge's order only if it is contrary to law or clearly erroneous. *See* Fed. R. Civ. P. 72(a); *see also Johnson v. Old World Craftsmen, Ltd.*, 638 F.Supp. 289, 291 (N.D. Ill. 1986). "However, the Seventh Circuit found that the standards in 28 U.S.C. § 636(b)(1)(A), at a minimum, "do not necessarily restrict" a district court from conducting a "full review" of a magistrate judge's [] findings." *See Henry v. Centeno*, 2011 WL 3796749, at *1 (N.D. Ill. Aug. 23, 2011). Given this discretion, and because the Magistrate Judge's legal determinations informed his findings, the Court will conduct a full review of his Orders.

statutes, case law, or rules of procedure." *Pain Center of SE Ind., LLC v. Origin Healthcare Solutions, LLC*, 2014 WL 6674757, *2 (S.D. Ind. 2014).

## II.    DISCUSSION

As an initial matter, the Court points out that it is unnecessary for a party to file duplicative motions when the subject of the motion is or has been before the Court.  The Court cautions Ms. Williams to be more judicious with the parties' and the Court's resources when filing a motion that is duplicative of an already pending motion.  In the future, the Court will likely strike duplicative motions; however, under the circumstances here, the Court will address both Motions.  The Court will first address the appeal filed on Ms. Williams' behalf by Counsel before briefly addressing the appeal that Ms. Williams filed on her own behalf.

**A.    Plaintiff's Appeal to the District Court of Magistrate Judge's Denial of Plaintiff's Unopposed Motion to Stay Proceedings or, in the Alternative, Motion for Extension of Discovery Deadline and Dispositive Motions Deadline (Filing No. 167)**

In support of this Motion, Counsel contends the Magistrate Judge's Order is "prejudicial to Plaintiff in that it dooms her case to dismissal because of her inability to continue to prosecute her case for no other reason than the Court's refusal to grant her Motion [to] Stay Proceedings and give her reasonable time to complete discovery."  (Filing No. 167 at 2-3.)

Pursuant to Federal Rule of Civil Procedure 16, the scheduling order, "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).  Moreover, federal judges enjoy wide latitude in managing their dockets, setting discovery deadlines and ruling on motions to continue. *See, e.g., U.S. v. Firishchak*, 468 F. 3d 1015, 1023 (7th Circuit 2006); *U.S. v. Rinaldi*, 461 F. 3d 922 (7th Cir. 2006); *Deere & Co. v. Ohio Gear*, 462 F .3d 701, 706 (7th Cir.

2006).  Discovery determinations are given substantial deference and are reviewed for an abuse of

discretion.  *Packman v. Chicago Tribune Co.*, 267 F .3d 628, 646-47 (7th Cir. 2001).

> In denying the request to stay these proceedings, the Magistrate Judge concluded that:

> Plaintiff has not demonstrated good cause to stay this case pending counsel's appeal
> of the denial of his motion to withdraw. There is simply no reason why this case
> cannot proceed under the parameters set forth in the Court's Order denying the
> withdrawal.  *See* [Dkt. 163].  Accordingly, the motion to stay is DENIED.

(Filing No. 166 at 2.)  In denying the alternative request to extend the discovery and dispositive

motions deadlines, the Magistrate Judge explained that "[i]n light of the Court's consistently clear

and unequivocal directives, there is simply no excuse for the Plaintiff's failure to timely complete

discovery in this case."  *Id*. at 3.  The Magistrate Judge concluded that good cause for a stay of the

proceedings or the enlargement requested had not been shown.

The Court finds nothing erroneous or contrary to law in the Magistrate Judge's Order.  After

an independent review of the record, the Court agrees with the Magistrate Judge that no good cause

exist to stay these proceedings or extend the deadlines.  The record shows friction and delays, but

the Magistrate Judge reasonably accommodated those problems by granting Ms. Williams' earlier

requests for extensions. The Magistrate Judge amended the discovery and dispositive motions

schedule on several occasions, (Filing No. 21; Filing No. 77; Filing No. 92; Filing No. 114), and

enlarged the deadline for the completion of discovery and for the filing of dispositive motions

(Filing No. 150).  The parties were on notice that no further extension in this regard would be

granted (Filing No. 150; Filing No. 153).  The Magistrate Judge would have acted within his

discretion if he had granted no extension or only one extension, however, several extensions have

been granted.  The record reflects the Magistrate Judge's accurate assessment of Counsel's Stay or

Extend Discovery Motion:

> This Court's workload dictates that every effort must be made to ensure the speedy
> and efficient administration of justice. The Court must establish deadlines and

counsel must meet those deadlines for the Court to have any ability to function. The instant situation is the result of Plaintiff's counsel's cancellation of previously scheduled depositions, which had been scheduled to be completed within the approved discovery period. No effort was made to correct that flawed decision until the instant motion was filed five days before the close of discovery.

(Filing No. 166 at 5 (footnote omitted)).)

The Magistrate Judge relied on several cases within the Seventh Circuit[3] and Counsel fails to cite any legal authority to support his arguments on this point or specifically identify which laws the Magistrate Judge failed to apply or which cases the Magistrate Judge misapplied.  The Stay or Extend Discovery Motion was filed late in the proceedings (five day before discovery closes and approximately three weeks before the dispositive motions deadline).  The Magistrate Judge considered Counsel's arguments and exercised sound discretion in managing discovery and finally putting an end to discovery so that this case can be brought toward a conclusion.  *See generally Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir.1996) (finding no abuse of discretion in district court's decision to enforce summary judgment deadlines).

While Counsel contends that Ms. Williams will be prejudiced if the Court does not extend the deadlines, there is no reason that Counsel could not have conducted the discovery his client seeks well before the discovery deadline.  The Court concludes that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law and the appeal is **denied.**

**B.**     **Emergency Motion For Reconsideration to Plaintiff's Motion to Extend/Impose Automatic Stay Permission for Extension of Time for Deposition and Discovery to Seek Representation (Filing No. 169)**

Ms. Williams' *pro se* Motion to reconsider is **denied** for the same reasons as stated above.

Ms. Williams reports that following the denial of Counsel's request for leave to withdraw, Counsel

---

[3] *See Reales v. Consolidated Rail Corp.*, 84 F.3d 993, 996 (7th Cir. 1996); *Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996); *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994); *Northwestern National Insurance Co. v. Baltes*, 15 F.3d 660, 663 (7th Cir. 1994); *Finwall v. City of Chicago*, 239 F.R.D. 494 (N.D. Ill. 2006); *Finwall v. City of Chicago*, 239 F.R.D. 504, 506 (N.D. Ill. 2006).

"appeared to have a change of heart, as Mr. Sture phrase[d] it, that he desired to 'hit the reset button,' on our client/attorney relationship, the 'reset,' was short lived."  (Filing No. 169 at 2). Ms. Williams explains that she has been actively seeking other counsel and requests a stay of the proceedings or alternatively an extension of the deadlines until she has secured other counsel. *Id*. But this reason does not establish good cause to grant this Motion[4].  Deadlines have been set and those deadlines must be met, regardless of whether she is seeking other counsel.  As noted by the Magistrate Judge, "[i]gnoring deadlines is the surest way to lose a case.  Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations.  Extended disregard of time limits (even the non-jurisdictional kind) is ruinous." *Northwestern National Insurance Co. v. Baltes,* 15 F.3d 660, 663 (7th Cir. 1994); ("Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won."). (*See* Filing No. 166 at 4.)  Simply stated, parties may not ignore deadlines while waiting for rulings or waiting for other counsel to appear[5].  Ms. Williams has not demonstrated good cause to stay this case while she seeks out new counsel.

The Court concludes that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law and Ms. Williams' *pro se* appeal is **denied.**

## C.        The Court's *sua sponte* Order

As noted earlier, on December 27, 2022, the Court *sua sponte* amended section IV of the approved case management plan as follows:

> Dispositive motions are expected and shall be filed by March 15, 2023; nonexpert
> witness discovery and discovery relating to liability issues shall be completed by

---

[4] Ms. Williams also asserts that Counsel has been unprofessional, abrasive, and has used abrasive language towards her.  (Filing No. 169 at 2.)  Counsel is admonished that he must comply with the Standards for Professional Conduct within the Seventh Federal Judicial Circuit. https://www.insd.uscourts.gov/sites/insd/files/Standards%20for%20Professional%20Conduct.pdf

[5] Ms. Williams is encouraged to continue actively seeking new counsel, but until new counsel appears, she and present counsel must again "reset" and comply with all deadlines.

February 25, 2023; all remaining discovery shall be completed by no later than July 14, 2023.

(Filing No. 150 at 1.) The Court recognizes that the non-expert witness discovery and discovery relating to liability issues deadline of February 25, 2023, has now passed; and the dispositive motions deadline of March 15, 2023, is fast approaching. Counsel and Ms. Williams' compliance with these deadlines appears to have been dissuaded by their attorney/client conflicts and the filing of non-case related motions. In its discretion, and in the interest of fairness to all parties, the Court on its own extends the non-expert witness discovery and discovery relating to liability issues to **Friday, March 24, 2023,** so that if not already concluded, the parties can conclude their previously scheduled liability deposition of Ms. Williams (and any other liability depositions) and she is afforded reasonable time to prosecute her case. The Court also extends the dispositive motions deadline to **Friday, April 14, 2023**. All other deadlines in the case management plan remain in effect. These extensions will not impact the final pretrial conference scheduled for Wednesday, November 15, 2023, or the trial date scheduled for Monday, December 11, 2023.

### III.    CONCLUSION

For the reasons explained above, the Court **AFFIRMS** the Magistrate Judge's Order, (Filing No. 166), and Plaintiff's Unopposed Motion To Stay Proceedings Or In The Alternative, Motion For Extension Of Discovery Deadline And Dispositive Motions Deadline (Filing No. 167) is **DENIED**. Plaintiff La Wuandia Williams' *pro se* Emergency Motion For Reconsideration To Plaintiff's Motion to Extend/Impose Automatic Stay Permission for Extension of Time for Deposition and Discovery to Seek Representation, (Filing No. 169), is **DENIED**.

The non-expert witness discovery and discovery relating to liability issues is extended to **Friday, March 24, 2023,** and the dispositive motions deadline is extended to **Friday, April 14,**

**2023**. No other deadlines are affected by this Order and there will be **no further extensions of these deadlines.**

    **SO ORDERED.**

    Date:   3/3/2023

                                                      Hon. Tanya Walton Pratt, Chief Judge
                                                      United States District Court
                                                      Southern District of Indiana

DISTRIBUTION:

Tae K. Sture
STURE LEGAL SERVICES LLC
tae@sturelaw.com

David J. Carr
ICE MILLER LLP (Indianapolis)
david.carr@icemiller.com

Paul Conrad Sweeney
ICE MILLER LLP (Indianapolis)
paul.sweeney@icemiller.com