UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LA WUANDIA WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:21-cv-00469-TWP-MJD |
| ) | |
| REPUBLIC AIRWAYS HOLDINGS INC, ) | |
| DONALD GIBSON, ) | |
| SARA GLORE, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION**

This matter is before the Court on Plaintiff La Wuandia Williams' ("Williams") post-judgment Emergency Reconsideration of Court Order (Dkt 221/222) to Allow Plaintiff Opportunity and Time to Correct/Modify Plaintiff's Response (Dkt 189) to Defendants' Summary Judgement (177), Filing No. 223, and her emergency amended post-judgment Motion to Reopen for Reconsideration for Relief of Court Order (Dkt 221/222) to Reopen to Allow Plaintiff Opportunity and Time to Correct/Modify Plaintiff's Response (Dkt 189) to Defendants' Summary Judgement (177), Filing No. 224). The motions were filed on November 22, 2023, and November 24, 2023, which are within 28 days of the date judgment was entered in this case. They are therefore treated as motions to amend judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure. Williams additionally invokes Rule 60, but incorrectly cites to the Indiana Rules of Civil Procedure. Because she is proceeding *pro se*, that motion will be treated as seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. For the reasons explained below, the motions to reconsider are **denied**.

## I.  STANDARDS OF REVIEW

Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).  Rule 59(e) allows a court to amend a judgment only if the movant can "demonstrate a manifest error of law or fact or present newly discovered evidence." *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 505–506 (7th Cir. 2016) (internal citations omitted).  A "manifest error" means "the district court commits a wholesale disregard, misapplication, or failure to recognize controlling precedent." *Stragapede v. City of Evanston, Illinois*, 865 F.3d 861, 868 (7th Cir. 2017) (internal quotation omitted).  "A manifest error is not demonstrated by the disappointment of the losing party." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotations omitted).  To the extent a party seeks relief based on newly discovered evidence, she must show that she "exercised due diligence to discover the new evidence" and that the evidence "would probably produce a new result." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 955 (7th Cir. 2013).  Importantly, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, No. 1:07-cv-1630, 2009 WL 799546, at *3  (S.D. Ind. Mar. 24, 2009).

Additionally, Courts grant relief under Rule 60(b) only in exceptional circumstances.  *See Trade Well International v. United Central Bank*, 825 F.3d 854, 860 (7th Cir. 2016).  The Rule provides that the district court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time 21-469to move for a new trial under Rule 59(b); fraud, misrepresentation, or misconduct by an opposing party; voidness of the judgment; satisfaction of the judgment; or any other reason that justifies relief. Fed. R. Civ. P. 60(b).  A party requesting relief from a final judgment is required to

2

make a strong showing under Rule 60(b) because of the "strong presumption against the reopening of final decisions." *Connecticut Nat'l Mortg. Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir. 1990). Rule 60(b) "establishes a high hurdle for parties seeking to avoid [final] judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a [final] judgment." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994).

## II. BACKGROUND

The Court incorporates by reference the detailed background section of its Order granting Defendants Republic Airways Holdings Inc. ("Republic"), Donald Gibson ("Gibson") and Sara Glore's ("Glore") (collectively, "Defendants") summary judgment motion (Filing No. 221 at 2–15), and provides only a brief summary in this entry relevant to the issues raised by Williams' present motions.

Without representation, Williams filed her initial Complaint in this matter in March 2021 (Filing No. 1), which she amended twice (Filing No. 35; Filing No. 100). Prior to filing her Second Amended Complaint, Williams retained counsel who entered an appearance (Filing No. 86). On March 23, 2023, Defendants moved for summary judgment (Filing No. 176), by which time the attorney-client relationship between Williams and her counsel had disintegrated (*see* Filing No. 154). Her counsel sought, but was denied leave to withdraw his appearance (*see* Filing No. 163). Counsel represented that ethically, he could not respond to the summary judgment motion on behalf of Williams, and Williams was allowed to proceed *pro se* in these filings.[1] Williams sought, and the Court granted, multiple extensions of time to file a response and materials in opposition to Defendants' motion for summary judgment (*see* Filing No. 179; Filing No. 186). Williams filed

---

[1] Specifically, the Entry stated, "should Ms. Williams demand the submission to the Court of a document or brief, the submission of which Mr. Sture believes would violate his ethical obligations to the Court, the document may be signed and submitted by Ms. Williams directly, with Mr. Sture acting as stand-by counsel". (Filing No. 163 at 2)

3

three responses in opposition (Filing No. 189; Filing No. 190; Filing No. 191), which were mostly duplicative, and the Court considered each and selected the last filing, Filing No. 191, as the operative response, reasoning that it contained an attached exhibit that the others lacked (*see* Filing No. 221 at 16–17). On November 3, 2023, the Court found that summary judgment was warranted on all claims (Filing No. 221). In the substantially duplicative pair of instant motions, Williams asks the Court to reopen the case for a variety of reasons and allow her to present additional evidence related to the summary judgment motion. The Defendants have responded to the motions to reconsider (Filing No. 225) and Williams has replied. (Filing No. 226).

### III. DISCUSSION

As an initial matter, the Court notes that in her motions, Williams incorrectly cites to the Indiana Rules of Trial Procedure, which Defendants correctly observe is inapplicable authority for the present purpose. Williams proceeds *pro se*, and where appropriate, the Court will consider her references under the analogous Federal Rules of Civil Procedure.

Williams begins by seeking "the opportunity to correct her Response (Dkt. 189)[] to Defendants' Summary Judgment [Motion] (Dkt. 177)" (Filing No. 224 at 1).[2] To the extent Williams seeks an opportunity to amend the remaining unstricken response in opposition to summary judgment, Filing No. 191, the Court echoes the reasoning it provided in its previous Order: "[A]t this stage, given the leniency and numerous extensions provided to Williams, good cause does not exist to excuse [any] failure[s] to comply with Local Rule 56-1" (Filing No. 221 at 18). This extends to any intended revisions at the present, post-judgment stage. Williams does not describe adequately or explain fully to the Court the revisions she seeks to make. Instead, she shares that she seeks to amend to correct a "formatting error" and "present[] crucial eyewitnesses" to her case to "refute the

---

[2] As previously observed, the Court finds Williams' filings duplicative and thus chooses to cite only to Filing No. 224.

4

inaccuracy of Defendants' witnesses." (Filing No. 224 at 7.) Williams mentions the names of several prospective witnesses whom she has spoken to and asserts their testimony would be helpful to her claims, however she fails to state what their testimony would be. *Id.* at 3–4. Without presenting evidence in support of these assertions or that demonstrates relief should be granted on such grounds pursuant to Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure, the Court finds that good cause does not exist to grant an opportunity to correct Williams' response in opposition to summary judgment. A motion to reconsider is "not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have been presented earlier." *Brownstone Publ'g, LLC*, 2009 WL 799546, at *3.

Williams next recounts a tortured relationship with counsel (*see* Filing No. 224 at 3–5). As best as the Court can tell, Williams shares this lengthy saga in furtherance of her implied arguments, pursuant to Rules 59(e) and 60(b)(1), (b)(6), that the Court should alter or amend its judgment or that she should receive relief from its order on summary judgment because she (ostensibly) has discovered evidence in the form of various named individuals' testimony (*see* Filing No. 224 at 4). As noted earlier, Williams provides no indication of what the evidence would reveal, beyond that it would "refute the inaccuracy of Defendants' witnesses", *id.* at 7. For example, she argues that Ms. Mitchell provided a "detailed [affidavit] statement[] made on [her] behalf" which counsel found as "very helpful". *Id.* at 4. But Williams does not make clear why she believes any such evidence is relevant. Perhaps Williams believes that any such evidence directly demonstrates pretext and does so in a manner so patently that, when "viewed individually", each piece of evidence could "suffice for a factfinder to find pretext." *Id.* at 13. However, the Court assessed the evidence at the summary judgment stage as not supporting her assertion of pretext: "[T]he evidence shows Republic's proffered reason [for her termination] was honest and a legitimate non-discriminatory basis for

5

terminating an employee." (Filing No. 221 at 31.)  The pair of present motions do not make clear whether the new evidence Williams professes to have — but has not shared with the Court — could adequately refute the honest and legitimate nondiscriminatory basis for her termination.  As such, Williams is not entitled to relief under either rule.

Williams alludes to various federal anti-discrimination authority.  However, the operative Second Amended Complaint only alleged claims for violations of Section 1981 of the Civil Rights Act of 1866 — not violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, or the Americans with Disabilities Act of 1990 (*see generally* Filing No. 100).  Thus, any references by Williams now to 42 U.S.C. § 2000e *et seq.* (Title VII) or to caselaw addressing the evidentiary or liability standards of other discrimination statutes besides Section 1981 are inapplicable and do not properly demonstrate an error of law, let alone a manifest one, *see Stragapede*, 865 F.3d at 868, or otherwise lend support in overcoming the "strong presumption" against reopening the Court's final decision. *Brandstatter*, 897 F.2d at 885.

Throughout her motion and reply, Williams renews several unsubstantiated claims against various defendant parties, nonparties, witnesses, and defense counsel in which she alleges fraud on the court and misconduct.  These staggering assertions are accompanied by new allegations of Defendants' counsel omitting and altering evidence,[3] (*see* Filing No. 224 at 15-18).  Williams also asserts a novel litany against what she purports to be unprofessional behaviors enacted upon her by her counsel (*see id.* at 6–8).[4]

---

[3] For example, Williams alleges opposing counsel "have deliberately withheld and distorted critical phone and disciplinary transcripts recordings" and produced "a list of deceptive witnesses" (Filing No. 224 at 15).

[4] In addition, Williams alleges that her counsel "claimed to have interviewed relevant witnesses provided by Williams critical to her case," and according to counsel he "found each to be harmful to Williams". (Filing No. 224 at 3).  She then asserts that "Williams, following up with each witness provided to counsel Sture, with the exception of Pilot John (Pilot/Crew with Williams and Lynval Gray October 27, 2019 flight), Williams discovered that neither counsel Sture nor anyone representing his law firm had neither contacted nor interviewed" several proposed and named witnesses. *Id*. at 4.  However, Williams presents no affidavits or sworn statements from any of these proposed witnesses.

Although she does not cite Rule 60(b)(3), Williams' assertions do not entitle her to relief under this rule. Rule 60(b)(3) provides that a court may set aside a judgment if a party engaged in "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." *Wickens v. Shell Oil Co.* 620 F.3d 747, 759 (7th Cir. 2010). To obtain relief under Rule 60(b)(3), a party must show that she has a meritorious claim that she was prevented from "fully and fairly presenting" at trial as a result of the adverse party's fraud, misrepresentation, or misconduct. *See Ty Inc. v. Softbelly's, Inc.*, 353 F.3d 528, 536 (7th Cir. 2003); *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). A party seeking to set aside a judgment under Rule 60(b)(3) or the court's inherent power must prove fraud by clear and convincing evidence. *See Ty Inc. v. Softbelly's, Inc.*, 517 F.3d 494, 498 (7th Cir. 2008); *Lonsdorf*, 47 F.3d at 897. The Court takes each of Williams' claims seriously. Were *any* evidence forthcoming in support of the picture Williams paints in her motions, the Court would seek redress of the situation. But here, Williams makes each allegation without offering any proof or evidence and fails to prove any fraud or misconduct by clear and convincing evidence.

In contrast, allegations concerning Williams' veracity were predominant during the proceedings.[5] Considering the history of the arguably vexatious filings in this case, and the severe allegations currently before it, the Court suggests that Williams take note of Federal Rule of Civil Procedure 11, which states in part that "the court may impose an appropriate sanction on any . . . party that violated [Rule 11(b)] or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Rule 11(b) provides, in proper part, that

---

[5] The Magistrate Judge and the undersigned addressed allegations concerning Williams' alleged misrepresentations in *ex parte* filings related to counsel's attempts to withdraw his appearance (Filing No. 163, Filing No. 164, Filing No. 170).

7

> [b]y presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an . . . *unrepresented party certifies* that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> > (1) *it is not being presented for any improper purpose*, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> > \* \* \*
> > (3) *the factual contentions have evidentiary support . . . .*

Fed. R. Civ. P. 11(b) (emphasis provided). Rule 11 sanctions await on the horizon for parties that make outlandish, unsupported harangues in representations to the court. Such sanctions are appropriate "where the offender has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Miller v. Vohne Liche Kennels, Inc.*, 2013 WL 1363578, at \*3 (S.D. Ind. Apr. 3, 2013) (citing *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)). Nevertheless, "[b]ecause of their very potency," the Court chooses to exercise its "restraint and discretion" at this moment. *Id.* (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991)).

In summary, most of Williams' arguments and statements in her motions are repetitive, confusing, and not relevant to summary judgment. Nowhere in her two twenty-page filings or her fourteen-page reply does she challenge the Court's Order or show any error of law or fact regarding the grant of Defendant's Motion for Summary Judgment. Instead, she argues a simple disappointment with issues tangentially related to the Court's reasoning and rulings. Her motions must be **denied**.

### IV. <u>CONCLUSION</u>

Although the Court has empathy for Williams and does not doubt that she feels she was wrongfully terminated, she has failed to meet her burden of showing that there are genuine disputes of material fact with respect to the elements of her claims. For the reasons explained above, Williams' post-judgment Emergency Reconsideration of Court Order (Dkt 221/222) to Allow Plaintiff Opportunity and Time to Correct/Modify Plaintiff's Response (Dkt 189) to Defendants'

Summary Judgement (177), Filing No. 223, and her emergency amended post-judgment Motion to Reopen for Reconsideration for Relief of Court Order (Dkt 221/222) to Reopen to Allow Plaintiff Opportunity and Time to Correct/Modify Plaintiff's Response (Dkt 189) to Defendants' Summary Judgement (177), Filing No. 224, are **DENIED**.

SO ORDERED.

Date: 12/28/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Daniel P Bowman
Bowman & Vlink, LLC
dbowman@fdgtlaborlaw.com

David J. Carr
ICE MILLER LLP (Indianapolis)
david.carr@icemiller.com

Tae K. Sture
STURE LEGAL SERVICES LLC
tae@sturelaw.com

Paul Conrad Sweeney
ICE MILLER LLP (Indianapolis)
paul.sweeney@icemiller.com

David T. Vlink
Teamsters Local Union 135
dvlink@local135.com